## John G. Webb v State.

No. 24110. October 20, 1948.
Rehearing Granted November 17, 1948.

Hon. W. S. Barron, Judge Presiding.

*John M. Barron*, of Bryan, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a fine of $50.00 upon his conviction on a charge of driving on a highway while intoxicated.

The brief filed in the case discusses but one question. It is contended that conviction is had on the testimony of an officer who quoted appellant as saying that he was the driver of the wrecked car. It is contended, under the circumstances, that appellant was under arrest at the time and that this evidence was inadmissible. A bill of exception is found in the record on this subject. We are unable to appraise the bill, however, because the statement of facts in the case is in question and answer form, and cannot be considered by this Court under the law. So frequently have we held that a statement of facts in question and answer form cannot be considered that we do not deem it necessary to again cite the article of the statute relied on.

In the state of the record no error is apparent. The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In connection with and as a part of his motion for rehearing, appellant presents the certificate of the trial judge that the statement of facts in this case was presented, approved, and filed in question-an-answer form at his instance and order; that counsel for appellant protested against the question-and-answer statement of facts, insisting that under the law the statement of facts, in a criminal case was required to be in narrative form, which he desired to have approved and filed in the case.

It is apparent, therefore, that the appellant is in no manner to blame for the statement of facts in this case being in question-and-answer form but, to the contrary, same was over his protest.

Under the express provisions of Art. 760, Sec. 1, C. C. P., as amended in 1931, the statement of facts, upon appeal in a criminal case, must be drawn in narrative form. The legislature having so provided, the judicial department of our government, neither trial courts nor appellate court, have authority to disregard this statutory mandate. This court can not, therefore, consider the question-and-answer statement of facts.

Appellant having been deprived of a statement of facts upon appeal which this court may consider, without fault or negligence on his part, constitutes reversible error.

The motion for rehearing is granted and the judgment is now reversed and the cause remanded.